# IN THE COURT OF APPEALS OF IOWA

No. 19-1779
Filed January 9, 2020

**IN THE INTEREST OF E.C., A.C., and L.C.,**
**Minor Children,**

**R.W., Father of E.C.,**
      Appellant,

**S.C., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D.

Fagan, District Associate Judge.

A father and mother separately appeal the termination of their parental

rights. **AFFIRMED ON BOTH APPEALS.**

Patricia Scheinost of Southwest Iowa Law Office, Council Bluffs, for

appellant father.

Sara E. Benson of Benson Law, P.C., Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Maura C. Goaley, Council Bluffs, guardian ad litem for minor children.

Considered by Tabor, P.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VOGEL, Senior Judge.**

A mother, S.C., and father, R.W., separately appeal the termination of their parental rights. The children are E.C., born in November 2017; A.C., born in July 2014; and L.C., born in June 2013. R.W., is the biological father of E.C., as established through paternity testing during the juvenile proceedings, although D.C. is listed as the father on all three children's birth certificates.[1]

The mother and D.C. were married to each other at the beginning of these proceedings, but they separated and entered into relationships with other persons before the termination hearing. The family initially came to the attention of the Iowa Department of Human Services (DHS) when E.C. was born in November 2017 and both the mother and child tested positive for THC. DHS again became involved with the family in May 2018 upon allegations D.C. had assaulted the mother in their home with the children present. A few days later, the mother provided a urine sample, which tested positive for methamphetamine, amphetamines, and THC. On May 30, the children were removed from the home. Shortly after removal, the mother reported she suspected R.W. to be E.C.'s biological father.

On September 4, 2018, the juvenile court adjudicated the children as being in need of assistance. On July 26, 2019, the State filed to terminate the parental rights of the mother, D.C., and R.W. On September 26, the juvenile court held a hearing on the matter. On October 14, the juvenile court issued its order terminating the rights of all three parents. We review termination proceedings de

---

[1] D.C.'s parental rights were terminated as to all three children. He does not appeal.

novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's factual findings, but they do not bind us. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). The paramount concern is the child's best interests. *Id.*

First, the mother and R.W. challenge the statutory grounds for termination. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The grounds for termination under Iowa Code section 232.116(1) (2019) include paragraph (f)[2] as to A.C. and L.C. and paragraph (h)[3] as to E.C. Both parents concede all elements under both paragraphs except for the finding that the children could not be returned to them at the time of the hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4).

---

[2] Under section 232.116(1)(f), the court may terminate parental rights if it finds all of the following:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[3] Under section 232.116(1)(h), the court may terminate parental rights if it finds all of the following:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother has an admitted history of methamphetamine and marijuana use. From June 2018 through August 2019, she only provided two samples for drug testing, both of which tested positive. At the termination hearing, she claimed she had been sober for ten months but acknowledged a drug screen taken that day would be positive for THC. She did not complete a substance-abuse evaluation until May 2019, almost a year after removal. She has since engaged in little to no substance-abuse treatment. She lives with her new paramour, whose own children have been removed from his care.

R.W. also has substance-abuse concerns. The only sample he provided for drug testing from September 2018 through March 2019 tested positive for THC. After March 2019, DHS revoked his authorization for drug testing. He completed substance-abuse and mental-health evaluations in December 2018, but he has undergone little to no recommended treatment. His visitations with E.C. were sporadic, and he had not visited with E.C. in the two months prior to the termination hearing. He lives with his new paramour, whose own children have also been removed from her care. Because clear and convincing evidence shows the children cannot be returned to the care of the mother or R.W., we agree the State satisfied the statutory grounds for termination for both parents.

Second, both parents argue DHS failed to provide reasonable efforts toward reunification. *See id.* § 232.102(9). The parent has the responsibility to demand other, different, or additional services toward reunification prior to termination in order to preserve the issue for our review. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). DHS offered a variety of services to both parents, including substance-abuse and mental-health evaluations with follow-up services,

supervised visits, parenting skills instruction, transportation, and referrals for community resources. The parents often failed to participate in the offered services. Furthermore, we find little evidence either parent requested additional or alternative services prior to termination. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge."). The mother asserts to us that she needed additional help with transportation; however, she acknowledged during the hearing that she only made the effort to request transportation from DHS for drug testing once, which DHS provided. Therefore, to the extent the parents preserved the issue for our review, DHS provided reasonable reunification efforts.

Third, both parents assert termination of their parental rights is not in the children's best interests. *See* Iowa Code § 232.116(2). As explained above, the children have been removed from the mother's care for over one year, and R.W. has never had care of E.C. Both parents have since missed significant visitation with the children. Mental-health and especially substance-abuse issues are a concern for both parents, and neither parent took meaningful steps to address those concerns after their evaluations. For these reasons, termination of the parents' rights is in the children's best interests.

Fourth, the mother asserts her bond with the children precludes termination. *See id.* § 232.116(3)(c). We acknowledge S.C. is bonded with the children. However, this bond cannot overcome the mother's failure to address the issues preventing the children from being returned to her care, as explained above.

These children deserve permanency, and her bond with the children does not preclude termination.

We conclude the statutory grounds for termination are satisfied, DHS provided reasonable efforts for reunification, termination is in the children's best interests, and the mother's bond with the children does not preclude termination. Therefore, we affirm the termination of both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**